UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| In re RAJPAL SINGH CHATHA, and TARANJIT KAUR CHATHA,, <br><br>　　　　Debtors. | No. 2:19-cv-02341 WBS <br><br> Bankruptcy Case No.: <br> 17-25335-B-7 <br><br> <u>ORDER RE: MOTION FOR LEAVE TO APPEAL, OR, IN THE ALTERNATIVE, MOTION FOR CERTIFICATION OF THE FINALITY OF THE JUDGMENT</u> |
| DOUGLAS WHATLEY, Chapter 7 Trustee, <br><br>　　　　Plaintiff, <br><br>　　v. <br><br> SIMRANJIT CHATHA; THRIVE MANAGEMENT, LCC; SUMMERFEST HOSPITALITY, LLC, <br><br>　　　　Defendants. | |

----oo0oo----

　　　　Plaintiff-appellee Douglas Whatley filed this action in bankruptcy court against defendants-appellants Simranjit Chatha

1

and Thrive Management LLC alleging claims related to two properties: a La Quinta Inn & Suites in Mansfield, Texas (the "Hotel") and a parcel of real property located in Marysville, California ("Marysville Property."). The bankruptcy court denied summary judgment as to the Hotel-related claims, but granted summary judgment as to most, but not all, claims related to the Marysville Property. (See Bankruptcy Court Order at 3 (Docket No. 8-1).) The judgment effectively ordered the transfer of the Marysville Property to appellee. (Id. at 40.) Before the court is appellants' motion for leave to appeal the bankruptcy court's order or, in the alternative, motion for certification of the finality of the judgment. (Docket No. 7.)

I. Motion for Certification of the Finality of the Judgment

To determine whether a judgment is final, and therefore whether appellate jurisdiction exists, courts in bankruptcy disputes typically apply a "flexible finality" approach which "focuses on whether the order affects substantive rights and finally determines a discrete issue." In re Belli, 268 B.R. 851, 854 (B.A.P. 9th Cir. 2001). Such an approach, however, does not apply in bankruptcy adversary proceedings because adversary proceedings "are merely federal civil actions under another name, and do not ordinarily present the types of uncertainties that necessitate 'flexible finality' analysis." Id. Instead, "finality for purposes of jurisdiction over 'as of right' appeals under 28 U.S.C. § 158(a)(1) in adversary proceedings does not differ from finality in ordinary federal civil actions under 28 U.S.C. § 1291." Id. at 855. Accordingly, Federal Rule of Civil Procedure 54(b) controls such actions. Id.

The present action is an adversary proceeding. (See Appellants' Mot. at 2 (Docket No. 7).) "The parties are named in the pleadings; the claims are those presented in the respective counts of the complaint. The litigation is conducted under the Federal Rules of Civil Procedure (as incorporated by Bankruptcy Rules) and follows the ordinary pattern of summons and complaint, answer, discovery, pretrial, trial, and judgment." See id. at 854-55. This court will therefore evaluate the finality of the judgment under Federal Rule of Civil Procedure 54(b) ("Rule 54(b)").

Under Rule 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties" unless the court "direct[s] entry of a final judgment as to one or more, but fewer than all, claims or parties" and "expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "Either the so-called 'Rule 54(b) certification' or 'Rule 54(b) order' appears on the face of the record using mandated express language or it is absent." In re Belli, 268 B.R. at 855. If the so-called "Rule 54(b) certification" is not present, the "order is interlocutory and not appealable as a final order." Id. at 855-856.

Here, the parties agree that the bankruptcy court did not adjudicate all claims. (Opp'n to Mot. at 3; Def.-Appellants' Mot. at 3.) The parties also agree that the bankruptcy court did not certify the order under Rule 54(b) or expressly state that there was no just reason for delay. (Opp'n to Mot. at 7-8; Def.-

3

Appellants' Reply at 3 (Docket No. 14).) Because the "'Rule 54(b) certification' is not present, . . . [the] order is interlocutory and not appealable as a final order." In re Belli, 268 B.R. at 855-56; see also id. at 856-57 ("It is long-settled that a grant of partial summary judgment without a Rule 54(b) certification is interlocutory and not within an appellate court's jurisdiction over final orders.") (citing Chacon v. Babcock, 640 F.2d 221, 222 (9th Cir. 1981).) [1]

II. Leave to Appeal

Because the bankruptcy court's order is interlocutory, "appellate jurisdiction depends upon whether the appellate court grants leave to appeal under 28 U.S.C. § 158(a)(3)." Id. at 856. "To determine whether to grant leave to file an interlocutory appeal from a bankruptcy court, the Court considers the following: (1) whether the order on appeal involves a 'controlling question of law as to which there is a substantial ground for difference of opinion'; (2) whether an 'immediate right to appeal will materially advance the ultimate termination of the litigation'; and (3) whether denying leave to appeal 'will result in wasted litigation and expense.'" Thissen v. Johnson,

---

[1] In their reply, Defendants-appellants argue that the bankruptcy court treated the order as a final judgment because the judgment was placed on a separate document. (Reply at 3-4.) Defendant-Appellants therefore ask this court to vacate the bankruptcy court's judgment. (Id. at 4.) Appellants cite no authority to suggest that this court can do so. Further, until the bankruptcy court either dismisses or adjudicates the remaining claims in this action, the bankruptcy court "remains free under Rule 54(b) to change its mind about the . . . count as to which it granted partial summary judgment." In re Belli, 268 B.R. at 857. This court declines "to intermeddle with the trial court's handling of the adversary proceeding until it has completed its task." Id. at 858.

406 B.R. 888, 892 (E.D. Cal. 2009) (quoting In re Roderick Timber Co., 185 B.R. 601, 604 (B.A.P. 9th Cir. 1995)). In its decision denying defendants-appellants' motion for stay pending appeal, the bankruptcy court considered each of these points and concluded that defendants-appellants did not satisfy any of the factors above. (Opp'n to Mot. Ex. 2 at 6-7 (Order Denying Motion to Stay).) For the following reasons, this court agrees.

First, appellants have not identified any controlling question of law as to which there could be substantial ground for difference of opinion. In evaluating this factor, the court looks to whether "there may be some conflict in the case law." In re Roderick, 185 B.R. at 604. Appellants ask the court to evaluate two questions: first, whether a delay in reporting constitutes "concealment" under California Civil Code § 3439.04, and second, whether there was consideration in the creation of a life estate.

For both questions, appellants fail to identify any conflicting authority on either of these issues. Instead, appellants appear to argue that the bankruptcy court's factual findings may have been incorrect. Appellants' contentions represent questions of fact, not questions of law, and certainly do not establish "a substantial ground for difference of opinion." See In re Roderick, 185 B.R. at 604; cf. Thissen, 406 B.R. at 892 (finding difference of opinion where two judges at the Eastern District of California, within two days, "reached opposite conclusions . . . under nearly identical facts"). Appellants therefore fail to satisfy the first factor.

Second, an immediate right to appeal will not advance

the ultimate termination of the litigation.  A trial is necessary to adjudicate the claims related to the Hotel.  (Appellants' Mot. at 3; see also Order Denying Motion to Stay at 7.)  Further, the bankruptcy court will still have to hear a claim for recovery of profits as to the Marysville Property.  (Appellants' Mot. at 3.) Granting leave to appeal here would not resolve these issues any earlier.  Accordingly, appellants have not satisfied the second factor.

Finally, denying leave will not result in wasted litigation and expense.[2]  As discussed above, the litigation will continue even if the court grants leave.  To the contrary, granting leave would run the greater risk of wasting time and resources through the potential for piecemeal appeals.  Accordingly, appellants also fail to satisfy the third factor.

IT IS THEREFORE ORDERED that appellants' motion (Docket No. 7) is, and the same hereby is, DENIED.

Dated:  March 5, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[2] Notably, appellants do not address this factor.

6